Tereza ARZUMANOVNA, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 07–70522.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, John G. Amaya, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Tereza Arzumanovna, a native of Azerbaijan and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

moval, and relief under the Convention Against Torture ("CAT"), and finding that her asylum application was frivolous. We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004), and we require that a frivolousness finding be supported by a preponderance of the evidence, *Ahir v. Mukasey*, 527 F.3d 912, 918 (9th Cir.2008). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based upon Arzumanovna's submission of a fraudulent membership card in the "Soldier's Mother" organization, and her failure to provide a compelling explanation to counter evidence that the card was in fact fraudulent. *See Desta*, 365 F.3d at 745; *cf. Yeimane–Berhe v. Ashcroft*, 393 F.3d 907, 911–13 (9th Cir.2004) (adverse credibility finding not supported where a fraudulent document was obtained by a third person and there was no evidence that petitioner knew the document was fraudulent). Absent credible testimony, Arzumanovna's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

We deny the petition as to Arzumanovna's CAT claim because her claim is based on testimony the agency found not credible, and there is no other evidence that compels a finding that it is more likely than not she would be tortured if returned to Armenia. *See id.* at 1156–57.

The agency's conclusion that Arzumanovna knowingly filed a frivolous asylum application by deliberately fabricating the "Soldier's Mother" membership card is supported by a preponderance of the evidence in light of the results of the U.S. Embassy's investigation and the letter from the Executive Director of "Soldier's Mother" to the Embassy. *See Ahir*, 527 F.3d at 918–19 (holding that an IJ is permitted to rely on both direct and circumstantial evidence of fabrication in connection with a frivolousness finding). Moreover, Arzumanovna was given "ample opportunity during [the] hearing to address and account for any deliberate, material fabrications." *See id.* at 919 (internal quotation omitted).

**PETITION FOR REVIEW DENIED.**